UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE W. OSBORNE,<br><br>    Petitioner,<br><br>v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>    Respondent. | Case No. 11cv786-MMA (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION** |

This Report and Recommendation is submitted to United States District Judge Michael A. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On March 15, 2011, Petitioner, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). Petitioner challenges the Board of Parole Hearings' decision to deny him parole on due process grounds. Pet. at 5-7. Pursuant to this Court's Order (ECF No. 7), Respondent timely filed an answer to the Petition on June 20, 2011 (ECF No. 8) and Petitioner timely filed his traverse on July 20, 2011 (ECF No. 10). The Court took the matter under submission. ECF No. 7 at 3.

This Court has considered the above documents as well as the record as a whole. Based thereon, and for the reasons set forth below, this Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 1991, a jury convicted Petitioner of second degree murder with use of a firearm, and on July 8, 1991, the trial court sentenced Petitioner to an indeterminate life sentence. Pet. at 3; Lodgment 2 at 1.[1]

On July 15, 2009, the Board of Parole Hearings denied Petitioner parole. Lodgment 1, Petition for Writ of Habeas Corpus filed in the California Supreme Court ("State Habeas Petition"),[2] at 3; Lodgment 2 at 1. On December 20, 2009, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, arguing that the Board's decision violated his rights to due process. Pet. at 5; Lodgment 2 at 2. Finding that the Board's decision was supported by the requisite "some evidence," the Superior Court denied his petition on April 9, 2010. Lodgment 2. On June 1, 2010, Petitioner filed a habeas petition in the California Court of Appeal raising the same due process claim; the Court of Appeal denied the petition on June 7, 2010. Pet. at 5; Lodgment 3. Petitioner then filed a habeas petition in the California Supreme Court on July 16, 2010, alleging that the Board violated his rights by denying him parole and by failing to satisfy the some evidence standard. Pet. at 5; Lodgment 1, State Habeas Petition, at 3-4. The Supreme Court denied the petition on February 16, 2011.[3] Pet. at 6.

On March 15, 2011, Petitioner filed his federal habeas petition, alleging the same due process claim alleged in his state petitions; namely, that the Board denied Petitioner his right to due process by basing its parole denial "on the unchanging factors of [Petitioner's] commitment offense and other pre-prison, or non existant (sic) factors." Pet. at 5-7, 13.

---

[1] Although the Superior Court's Order denying Petitioner habeas relief accurately states the crime for which Petitioner was convicted and the indeterminate life sentence he received, the Order inexplicably states that "on October 23, 1990, Petitioner shot Victim inside an apartment complex," but that "Petitioner was received in the Department of Corrections on May 27, 1977." Lodgment 2 at 1.

[2] Lodgment 1, Petitioner's Petitioner for Writ of Habeas Corpus filed in the California Supreme Court, contains multiple documents attached as exhibits. Accordingly, when citing Lodgment 1, the Court will specify the Lodgment 1 document by title, and page references will be determined by the preexisting page numbers on the cited document.

[3] Respondent indicates that "[t]he Supreme Court petition was summarily denied" (Answer at 2), but the Supreme Court's Order denying Petitioner habeas relief is not included in Respondent's Lodgments. Petitioner, however, indicates that the California Supreme Court denied him habeas relief on February 11, 2011. Pet. at 5-6. This Court independently confirmed that the California Supreme Court denied his petition on February 16, 2011. See http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=1949815&doc_no=S184676.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (1996).

## DISCUSSION

Petitioner alleges the Board of Parole Hearings violated his due process rights in denying him parole, and that the reviewing courts similarly violated his rights in affirming the Board's denial of Petitioner's suitability for parole. Pet. at 7; Traverse at 2-5. Petitioner argues that the Board's decision was not supported by the requisite "some evidence" because the facts and reasons upon which the Board based its decision were inaccurate and insufficient. Pet. at 7; Traverse at 2-5. Petitioner further contends that the state courts' denials of his habeas petitions were unreasonable in their application of Supreme Court law as well as their determination of the facts. Traverse at 2-5. Respondent argues that Petitioner's due process claim fails because Petitioner was given all the process the Constitution requires: he received an opportunity to be heard and was provided a statement of reasons why parole was denied. Answer at 3.

Pursuant to California law, the Board of Parole Hearings is authorized to evaluate whether state prisoners, such as Petitioner, are eligible for parole. Cal. Penal Code §§ 3040-41. Upon conducting these evaluations, the Board is required to "set a release date" for an inmate unless the Board finds that "consideration of the public safety requires a more lengthy period of incarceration . . . ." Cal. Penal Code § 3041(b). When the Board determines that an inmate is not suitable for parole, that prisoner can seek judicial review by filing a habeas petition in state court. However, review of the Board's decision is "extremely deferential." In re Rosenkrantz, 59 P.3d 174, 210 (Cal. 2002). "The relevant inquiry [by the reviewing state court] is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence

of certain factual findings." In re Lawrence, 190 P.3d 535, 554 (Cal. 2008).

Formerly, Ninth Circuit case law directed federal habeas courts to conduct an independent examination of the reasonableness of the state court's determination that there was the requisite "some evidence" supporting the parole decision to determine whether there had been a constitutional due process violation. See, e.g., Pearson v. Muntz, 625 F.3d 539, 548 (9th Cir. 2010); Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011). However, the United States Supreme Court recently and dramatically limited the scope of habeas review of parole eligibility decisions. Swarthout v. Cooke, 131 S. Ct. 859 (2011). In Cooke, which involved a California parole decision, the Supreme Court stated that due process claims are limited to a two-step inquiry. 131 S. Ct. 859, 861 (2011) (per curiam). First, the court must determine "whether there exists a liberty or property interest of which a person has been deprived . . . ." Id. (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)). If so, the second step requires courts to "ask whether the procedures followed by the State were constitutionally sufficient." Id.; see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 12 (1979).

With respect to the first step of the inquiry, the Supreme Court did not disturb the Ninth Circuit's determination that California law creates a liberty interest in parole, but the Court emphasized that "[w]hatever liberty interest exists is, of course, a *state* interest created by California law." Cooke, 131 S. Ct. at 861-62. The Court explained that because "the States are under no duty to offer parole to their prisoners," the existence of this *state* liberty interest does not give rise to a *federal* right "to be conditionally released before the expiration of a valid sentence . . . ." Id. at 862. The Court continued, however, that when a "State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication— and federal courts will review the application of those constitutionally required procedures." Id.

In the second step of the inquiry, the Court directed federal courts to look to federal law to determine whether a state prisoner has been afforded the procedural protections required by the Constitution. Id. The Court reiterated that "[i]n the context of parole, . . . the procedures required are minimal." Id. "Due process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole

was denied." Roberts, 640 F.3d at 1046 (quoting Cooke, 131 S. Ct. at 862).

As a result of this change in the law, the question before this Court is not, as argued by Petitioner, whether the Board's decision to deny Petitioner parole was substantively reasonable, whether the Board correctly applied California's parole standards, nor whether the state courts' decisions upholding the denial were substantively reasonable; instead, it is simply whether the State provided Petitioner with the minimum procedural due process outlined in Cooke. 131 S. Ct. at 863 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [Petitioners] received, not whether the state decided the case correctly."). The Supreme Court in Cooke concluded that the Due Process Clause was satisfied when the petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." 131 S. Ct. at 862. Similarly, in this case, Petitioner was given access to his records and information prior to his 2009 parole hearing and he was permitted to submit documents to the Board to demonstrate his suitability for parole. Lodgment 1, Transcript of Parole Consideration Hearing, at 1-49. During his hearing, the Board permitted Petitioner to speak on his own behalf and to respond to the evidence presented against him: Petitioner discussed the circumstances of his crime, his personal rehabilitative efforts, and his post-release plan. Id. After the Board denied Petitioner parole, Petitioner "was provided a statement of reasons why parole was denied." Traverse at 2. In light of Cooke, that evidence establishes that Petitioner received the required procedural due process and no further inquiry is permitted or required.

Petitioner does not argue that he was denied an opportunity to speak at his hearing and contest the evidence against him, that he was denied access to his record in advance, or that he was not notified of the reasons why parole was denied. Instead, Petitioner merely argues that there was not the requisite "some evidence" to support the Board's findings that 1) Petitioner remains an unreasonable risk of danger to society and 2) that Petitioner lacks sufficient insight into the causative factors of his crime. Pet. at 7; Traverse at 2-5. This is precisely the kind of claim that Cooke holds is not cognizable on federal habeas review. Cooke, 131 S. Ct. at 862 (California's some evidence rule is not a "substantive federal requirement;" the analysis

begins and ends with the determination of whether the procedural requirements have been met); see also Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (because petitioner has not questioned the provided procedures, "our inquiry is at its end" and "Cooke makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole").

Because Petitioner received an opportunity to be heard and was provided a statement of the reasons why parole was denied, the Court finds that Petitioner received the constitutionally-mandated procedural due process and recommends that the instant Petition be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition.

**IT IS ORDERED** that no later than **September 20, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 4, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: August 29, 2011

BARBARA L. MAJOR
United States Magistrate Judge